UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


LEWIS E. BROWN (#73428)

VERSUS                                          CIVIL ACTION

BURL CAIN, ET AL                                NUMBER 11-103-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, August 13, 2012.

                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEWIS E. BROWN(#73428)

VERSUS								CIVIL ACTION

BURL CAIN, ET AL						NUMBER 11-103-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion for Summary Judgment filed by defendants Warden Burl Cain, Asst. Warden Donald Barr, Dr. Jonathan Roundtree and Mary Labatut. Record document numbers 68. Also before the court is the Plaintiff's Reply to Answer and Defenses, Cross-Motion for Summary Judgment, and Memorandum in Support. Record document number 73.

For the reasons which follow, the plaintiff's motion should be denied and the defendants' motion should be granted.

**I. Background**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Dr. Jonathan Roundtree, Asst. Warden Donald Barr and Mary Labatut[1]. Plaintiff alleged that the defendants were deliberately indifferent to his serious medical

---

[1] Identified as Mary Labatu in the amended complaint. Record document number 11.

needs by failing to provide him with prescribed medication in violation of his constitutional rights.

Plaintiff alleged that he was prescribed 81mg aspirin per day following a stroke. Plaintiff alleged that he received the medication sporadically and as a result experienced headaches and jaw pain for approximately 10 months. Plaintiff alleged that on July 1, 2010, he experienced severe pain and fell, fracturing his hip. Plaintiff alleged that he filed an administrative grievance ("ARP") which was granted at the First Step of the procedure. Plaintiff alleged that although his medication was resumed, the defendants failed to provide him with monetary compensation for his pain and suffering.

Plaintiff moved for summary judgment relying on a statement of undisputed facts, the affidavits of the plaintiff, John Overbey, Russell Ellwood, Michael Hanes, Michael Zhlavsky, Aubrey J. Landry, Danny Ray Lambert and Vernon Orange, Sr., copies of letters addressed to Sharon Duncan and K. Wilson and discovery responses.[2]

Defendants moved for summary judgment relying on a statement

---

[2] It is not clear whether some arguments the plaintiff made in his summary judgment motion, and related statements in his Declaration Under Penalty of Perjury, record document number 73-2, are intended to be new claims against other persons who are not parties. However, it is clear that the plaintiff knows how file a motion to amend and did so previously. Record document number 11. For the purpose of the two motions which are the subject of this report, such references and arguments are considered as historical background facts rather than new claims. Therefore, the plaintiff's motion for summary judgment shall not treated as another amendment to the complaint.

of undisputed facts, the affidavits of Warden Cain, Asst. Warden Barr, Dr. Roundtree and Labatut, copies of the plaintiff's medical records and medication charting sheets, and a copy of Directive No. 13.006, and the results of Administrative Remedy Procedure ("ARP") LSP-2010-1052, a true copy of which was previously filed in the record.

## II. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c).

### B. Prescription

Defendants argued that any claim which arose prior to April 25, 2010 is prescribed.

It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989); *Kitrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636 (1976). For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is

one year.  Louisiana Civil Code Article 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989); *Washington v. Breaux*, 782 F.2d 553 (5th Cir. 1986); *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977). Plaintiff signed his complaint on February 23, 2011, and it was filed on February 24, 2011.  Therefore, any claim the plaintiff had against these defendants regarding acts which occurred prior to February 23, 2010 have prescribed.

The holding in *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999), affect this determination.  In *Harris*, the United States Court of Appeal for the Fifth Circuit concluded that the pendency of properly filed ARP proceedings will act to toll the running of the one-year limitations period for prisoners' claims in this state.  In this case, however, the plaintiff's ARP LSP-2010-1052, filed on April 12, 2010, was itself filed more than one year after some of the events.  Specifically, the plaintiff complained in LSP-2010-1052 that he was denied coated aspirins between December 1, 2008 and June 2009 and on March 17, 2010.[3]  Accordingly, this ARP can have had no effect upon the limitations period applicable to the plaintiff's claims which arose prior to February 23, 2010.

**C. Official Capacity**

Defendants argued that they are entitled to Eleventh Amendment immunity insofar as the plaintiff sued them in their official

---

[3] Record document number 9, p. 8, Request for Administrative Remedies.

capacity.

Plaintiff amended his complaint to alleged that defendants Warden Cain and Asst. Warden Barr were sued in both their individual and official capacities. The other defendants were sued only in their individual capacity.[4]

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al*, 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a section 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

---

[4] Plaintiff's Motion to Amend the complaint to name Mary Labatu as a defendant and to clarify the capacities in which the defendants are sued was granted. Record document numbers 11, motion, and 15, order. In all other respects, the Motion to Amend was denied.

5

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device." Officers sued in their personal capacity come to court as individuals. A state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14. Thus, the plaintiff may recover money damages against the defendants insofar as the defendants were sued in their individual capacities for actions taken by them under color of state law which caused the deprivation of constitutional rights. However, since the plaintiff did not seek prospective injunctive relief his claims against the defendants in their official capacities is not actionable under § 1983.

**D. Respondeat Superior**

Plaintiff named Warden Cain, Asst. Warden Barr and Dr. Roundtree as defendants, arguing that they are responsible for the actions and inactions of their subordinates.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between

6

the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Warden Cain, Asst. Warden Barr and Dr. Roundtree are responsible for the actions of their subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

**E. Deliberate Indifference to Serious Medical Needs**

Plaintiff alleged that after suffering a stroke in 2001 he was prescribed 81mg aspirin daily. Plaintiff alleged that he received the medication sporadically and as a result experienced headaches and jaw pain for approximately 10 months. Plaintiff alleged that on July 1, 2010, he experienced severe pain and fell, fracturing his hip.

Plaintiff alleged that Labatut, the prison pharmacist, failed to ensure that he received his daily dosage of aspirin.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the

7

inference. *Id*.

Plaintiff's medical records showed that on February 7, 2009, the plaintiff was examined at the physician's clinic.[5] Plaintiff refused lab work, blood tests and medication.[6]

Plaintiff's medical records showed that on August 16, 2009, the plaintiff was examined by Dr. Robert Cleveland.[7] Plaintiff refused lab work and x-rays but requested 81mg aspirin which was ordered.[8]

Plaintiff's medical records showed that on April 14, 2010, he was examined by Dr. Stephen Berry.[9] Plaintiff complained that he was not receiving 81mg aspirin.[10] Dr. Berry issued a prescription for aspirin which was sent to the pharmacy.[11]

Plaintiff's medication charting sheets showed that although the prescriptions were filled, the plaintiff received aspirin inconsistently, and often not at all.[12]

---

[5] Record document number 68-5, p. 7.

[6] *Id*.

[7] *Id*. at 5.

[8] *Id*.

[9] *Id*. at 8, affidavit Dr. Jonathan Roundtree, record document number 68-4, pp. 3-4.

[10] *Id*.

[11] *Id*.

[12] Record document number 68-11, pp. 1-10.

The summary judgment evidence showed that Labatut is employed as a Pharmacist in Charge at LSP and is responsible for receiving prescription orders from the clinic and camps, entering the data into a computer, filling prescription orders and sending the prescriptions to the camps where the offenders are located.[13]

The summary judgment evidence showed that Labatut was on Family and Medical Leave for the period between February 15, 2010 and April 30, 2010.[14] The summary judgment evidence showed that between April 2010 and April 2011, prescriptions were filled by a private contractor.[15] The summary judgment evidence showed that Labatut was rehired and resumed filling prescriptions on May 2, 2011.[16]

As indicated above, any claim the plaintiff had against Labatut which arose prior to February 23, 2010, is prescribed. The summary judgment evidence is not sufficient to create a genuine as to whether Labatut was working during the relevant period following February 23, 2010, which gave rise to the plaintiff's deliberate indifference claim. Rather, the summary judgment evidence establishes that she was not working during that time.

---

[13] Record document number 68-10, p. 1, Affidavit of Mary Labatut.

[14] Record document number 68-10, p. 3, Affidavit of Mary Labatut.

[15] *Id.*

[16] *Id.*

9

**F. Deliberate Indifference to Serious Medical Needs**

Plaintiff alleged that Dr. Roundtree was deliberately indifferent to his serious medical needs. Specifically, the plaintiff alleged that after x-rays indicated that he suffered a fractured hip, he was returned to his dormitory where he endured significant pain until the next morning when he was transferred to an outside hospital for treatment.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment he felt he should have is not the issue. *Estelle v. Gamble*, supra; *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981). Unsuccessful medical treatment does not give rise to a Section 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991), *Johnson v. Treen, supra*. Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation. *Varnado, supra*.

Plaintiff's medical records showed that on June 17, 2010, he was examined by medical personnel after complaining of hip and leg pain following a fall the night before.[17] X-rays were taken and the

---

[17] Record document number 68-5 at 17.

plaintiff was ordered transferred to Earl K. Long Hospital for further evaluation and treatment.[18]  Plaintiff was prescribed Toradol® and Norflex®.[19]  Plaintiff was transferred to the Medical Center of Louisiana New Orleans where underwent surgery to repair the fracture.[20]  Plaintiff received post-operative following up treatment at the medical center.[21]

There is no evidence in the record sufficient to support finding that Dr. Roundtree was deliberately indifferent to the plaintiff's serious medical needs.  Plaintiff received prompt evaluation and treatment for his hip fracture and was prescribed pain medication.  Plaintiff's dissatisfaction with the treatment he received does not rise to the level of a constitutional violation.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's motion for summary judgment be denied, that the defendant's motion for summary judgment be granted, and this action be dismissed.

Baton Rouge, Louisiana, August 13, 2012.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[18] *Id.*

[19] *Id.*

[20] *Id.* at 31-32.

[21] *Id.* at 21.

11