**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| LEWIS E. BROWN | CIVIL ACTION NO. |
| VERSUS | 11-103-SDD-SCR |
| BURL CAIN, ET AL. | |

**RULING ON *MOTION IN LIMINE*[1]**

Plaintiff moves to require Defendants to disclose whether they intend to present expert testimony and, if so, prays for a *Daubert/FRE 702* hearing to determine admissibility of expert testimony. Plaintiff also moves to exclude evidence of his current incarceration and reference to his criminal conviction or prison disciplinary record. Finally, Plaintiff provides "notice of intent to use other crimes or bad acts evidence under FRE Rule 404(B)".

**I.    EXPERT TESTIMONY**

The Defendants have filed a *Pretrial Order*[2] and *Amended Pretrial Order*[3]. Defendants have listed the Plaintiff's medical records as evidence and have identified Plaintiff's treating physician at Louisiana State Penitentiary ("LSP"), Dr. Jonathan Roundtree; two LSP nurses; and an LSP pharmacist, ostensibly to testify concerning the Plaintiff's medical care and treatment and medications. FRE 702 requires that expert opinion testimony be demonstratively relevant and reliable. In this case, the Plaintiff has placed his medical care and treatment at LSP at issue. Accordingly,

---

[1] Rec. Doc. 102.
[2] Rec. Doc. 92.
[3] Rec. Doc. 116.

1

evidence of that care and treatment is relevant. To the extent the Plaintiff challenges relevance and/or credibility of any particular testimony, those objections are reserved until trial. In so far as the Defendants have expressed only an intent to call treating medical providers and to offer the Plaintiff's actual medical records, the Plaintiff's *Motion in Limine* is DENIED. Treating physicians and practitioners may provide medical opinions formulated during the course of treating a patient.

## II. MOTION TO EXCLUDE EVIDENCE OF INCARCERATION, CRIMINAL CONVICTION, AND PRISON DISCIPLINARY RECORD AS CAHARACTER EVIDENCE

The Plaintiff moves to "forbid Defendants from using the fact of Plaintiff's current incarceration or reference to his criminal conviction or prison disciplinary record as evidence of character in the trial on the merits"[4]. While it is true that the Defendants may not offer this evidence for the purposes of showing bad character, the fact of the Plaintiff's incarceration will necessarily be evidence at trial. Evidence of the Plaintiff's penal disciplinary record and the nature of his conviction are admissible only if probative of some germane issue other the Plaintiff's character. To this end, the Plaintiff's objections to relevance and admissibility are reserved until the time of trial.

## III. OTHER CRIMES OR BAD ACTS EVIDENCE

Plaintiff notifies the Defendants and the Court that he intends to use evidence of the named Defendants' "other crimes or bad acts", presumably as impeachment evidence. Evidentiary ruling is deferred to trial on any such matters.

---

[4] Rec. Doc. 102.

In accordance with the foregoing, the Plaintiff's *Motion in Limine*[5] is DENIED and all objections as to relevance and admissibility of evidence are deferred to trial.

IT IS SO ORDERED.

Signed in Baton Rouge, Louisiana, on June 3, 2014.

*Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[5] Rec. Doc. 102.