# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

LEWIS E. BROWN (#73428)            CIVIL ACTION NUMBER

VERSUS            11-00103-SDD-SCR

BURL CAIN, ET AL.

## RULING AND ORDER

The battle over the discovery sought by *pro se* Plaintiff Lewis E. Brown (#73428) continues to be hard fought by Defendants, N. Burl Cain, Warden of Louisiana State Penitentiary (LSP), Darren Barr, Assistant Warden of LSP, and Jonathan Roundtree, M.D., former Medical Director of LSP. Pending before the Court is Plaintiff's *Notice of Objection Regarding Sufficiency of Notice of Compliance* and *Motion for Rule to Show Cause*, which Defendants have opposed.[1] Plaintiff has filed a *Reply*.[2] Also before the Court is Plaintiff's separate *Motion for Subpoena Duces Tecum*.[3]

On June 13, 2014, this Court issued a *Ruling*[4] granting in part, and denying in part the *Motion for Production of Document and Information and Second Motion to Amend Pre-trial Order*[5] filed by Plaintiff Lewis E. Brown (#73428). The Court granted Plaintiff's *Motion* as to his request for production of the following documents: (1) Pill Call Manifests; (2) the Return of Damaged or Adulterated Medication Logs; (3) the Identity of the LSP On-Site Pharmacist from April 19, 2010-April 18, 2011; (4) Drug

---

[1] Rec. Doc. 123 and Rec. Doc. 125, respectively.
[2] Rec. Doc. 126.
[3] Rec. Doc. 127.
[4] Rec. Doc. 120.
[5] Rec. Doc. 118.

Control Book; and (5) the Monthly Pharmacy Reports. Defendants were ordered to produce the foregoing documents within 14 days from the date of this *Ruling*.

Four days after the Court issued its *Ruling*, the Defendants submitted a *Notice of Compliance* which offered the following explanation for their inability to comply: "In response, Defendants after due diligence search does not have in their possession the requested information, as attested to by the sworn affidavit of Mary Labatut, Pharmacy In Charge."[6] In her *Affidavit*, Ms. Labatut attested to the fact that she is the Pharmacist in Charge at LSP in Angola, Louisiana.[7] Ms. Labatut further stated that, from February 15, 2010 until April 30, 2010, she was on Family and Medical Leave (FMLA) due to an illness and, therefore, was not actively working at Angola. She further attested that LSP's pharmacy closed in April of 2010, and "all records were transferred to Pharmcoor, LLC based in Oklahoma City, Oklahoma based upon the contractual agreement."[8] Hence, Ms. Labatut stated that "no one" at LSP has access to this data anymore.[9]

Dissatisfied with the Defendants' *Notice*, Plaintiff filed an objection and has requested that Defendants be ordered to Show Cause as to why they have failed to produce the requested information to which they have direct or indirect access. Defendants argue that to hold them responsible for the actions of a third party, PharmaCorr, LLC[10], "to which they have no absolute control over or involvement in the dispensation of medication delivery system is very burdensome and unreasonable request." Defendants contend that Plaintiff's discovery request is unreasonably burdensome, cumulative, and can be obtained from another source—PharmaCorr—and

---

[6] Rec. Doc. 121.
[7] Rec. Doc. 121-1.
[8] Rec. Doc. 121-1, p. 2.
[9] Rec. Doc. 121-1, p. 2.
[10] Pursuant to the contract, PharmaCorr, LLC, is actually the correct spelling of the contractor.

that Plaintiff has the opportunity to obtain the information from PharmaCorr. Both parties refer to the terms of the contract entered into between the State of Louisiana and PharmaCorr, which Defendants attached to their memorandum.[11] Upon review of the contract, the Court finds merit in Plaintiff's argument.

Plaintiff has directed the Court to the section of the contract that governs "ownership" of the records. This section provides as follows:

> All records, reports, documents, or other material prepared for the State by Contractor in connection with the performance of the services contracted for herein shall become the property of State, and shall, upon request, be returned by Contractor to State, at Contractor's expense, at termination or expiration of this contract.[12]

According to a State Purchase Order attached to the contract, the parties' twelve month contract ended on April 18, 2011.[13]

The plain language of the contract could not be any clearer to the Court. Based on the express terms of the contract, PharmaCorr as the Contractor will, at its own expense, "upon request," return "all records, reports, documents, or other material prepared for the State" by PharmaCorr connected to the performance of its contracted services. Defendants have not addressed this contractual language. Instead, Defendants have directed the Court to Appendix A which delineates the express "Scope of Service & Deliverables" PharmaCorr obligated itself to provide. Defendants focus on one particular section which provides that "Contractor shall take possession of offender pharmacy records in accordance with Louisiana Board of Pharmacy laws, Rules and

---

[11] Rec. Doc. 125-1.
[12] Rec. Doc. 125-1, p. 4.
[13] Rec. Doc. 92-8, p. 13.

Regulations."[14] It is unclear to the Court how this provision negates the Defendants' "ownership" of said records, particularly when another section of the contract expressly directs "[t]he Contractor [to] surrender to the State and/or State Agency all property of the State and/or State Agency prior to settlement upon completion, termination, or cancellation of this contract."

The Court finds that Defendants have failed to demonstrate how production of the discovery request would be unreasonably burdensome and unreasonable. The State's contract with PharmaCorr ended in April of 2011. Therefore, pursuant to the express terms of the contract, the State may now request that PhamaCorr return its offender pharmacy records—records that still belong to and are property of the State—at PharmaCorr's expense. Accordingly, the Court finds the burden on the Defendants to comply with Plaintiff's discovery request is minimal at best.

For the foregoing reasons, Plaintiff's *Motion for a Rule to Show Cause* is hereby GRANTED.[15] Defendants shall produce the requested offender pharmacy records as delineated in this Court's June 13, 2014 *Ruling* within thirty (30) days.

It is further ordered that Plaintiff's *Motion for Subpoena Duces Tecum* be dismissed as moot.[16]

Signed in Baton Rouge, Louisiana, on <u>September 8, 2014</u>.

*[signature: Shelly D. Dick]*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[14] Rec. Doc. 125-1, p. 21. In their memorandum, Defendants erroneously claim that the relevant section is section "g." Rec. Doc. 125, p. 2.
[15] Rec. Doc. 123.
[16] Rec. Doc. 127.