**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| LEWIS E. BROWN (#73428) | CIVIL ACTION NUMBER |
| VERSUS | 11-00103-SDD-SCR |
| BURL CAIN, ET AL. | |

**RULING AND ORDER**

Before the Court is a *Motion for Sanctions*[1] filed by Plaintiff Lewis E. Brown (#73428). An evidentiary hearing was conducted on February 26, 2015. For the following reasons, Plaintiff's *Motion for Sanctions* shall be granted.

**I.    BRIEF OVERVIEW OF PLAINTIFF'S CLAIMS**

Brown, an inmate at Louisiana State Penitentiary ("LSP"), filed his *pro se Complaint*[2] against Warden Burl Cain, Asst. Warden Darren Barr, and Jonathon Roundtree, M.D. He contends that LSP's medication delivery system was implemented in a manner that was deliberately indifferent to Brown's medical needs in violation of his 8th amendment constitutional rights. Brown also alleges that LSP's Dr. Roundtree was deliberately indifferent in failing to provide him with timely medical care for a broken hip.

**II.   RELEVANT PROCEDURAL POINTS**

The Court considers the following chronology of events to be critical in conducting its analysis of Brown's spoliation claim. Brown filed his lawsuit on February 24, 2011, wherein he asserted claims arising out of LSP's pharmaceutical operations. On May 10, 2011, Brown sought and was granted leave to amend his *Complaint*,

---

[1] Rec. Doc. 138.
[2] Plaintiff originally filed his lawsuit *pro se*. Last September, two *pro bono* attorneys were enrolled to represent Brown in his case (Rec. Doc. 133).

DM 25552                                                  1

wherein he specifically stated, "[s]ince the time of filing this complaint the LSP has terminated its pharmaceutical contract to provide pharmaceutical services with 'PHARMACORR' [A private pharmaceutical company in Oklahoma] and re-opened an on-site pharmacy at the prison."[3] On July 6, 2011, Brown filed his First Set of Interrogatories and Request for Production of Documents.[4] Thereafter, Brown filed a *Motion to Compel Discovery* in light of his requests, which the Court granted on October 13, 2011[5]. Defendants have remained largely non-compliant with the Court's October 2011 *Order* compelling production of documents. Notably, Defendants never produced any of the following records which were requested by the Plaintiff in July of 2011[6] and compelled by the Court in October of 2011.[7]

- Monthly Pharmaceutical Administration Sheets for all medications prescribed to Brown;
- Monthly pharmacy records indicating dates and doses of 81 mg aspirin dispensed to Brown;
- Policies, procedures and regulations pertaining to how pharmaceuticals are accounted for, audited and inventoried; and
- Policies, procedures and regulations pertaining to the documentation and investigation into irregularities of pharmacy inventories and missing pharmaceuticals. [8]

Last year, Brown re-urged his production requests and sought relief from the Court to direct Defendants to comply. Twice more the Court ordered the Defendants to produce documents.[9] Specifically, on June 13, 2014,[10] the Court ordered the Defendant's to produce the following: (1) Pill Call Manifests; (2) the Return of Damaged

---

[3] Rec. Doc. 11, p. 1. Rec. Doc. 15.
[4] Rec. Docs. 22 and 23.
[5] Rec. Docs. 39 and 45.
[6] Rec. Doc. 23.
[7] Rec. Doc. 45.
[8] Rec. Doc. 23, p. 5.
[9] Rec. Docs. 120 and 130.
[10] Rec. Doc. 120.

or Adulterated Medication Logs; (3) the Identity of the LSP On-Site Pharmacist from April 19, 2010 through April 18, 2011; (4) Drug Control Book; and (5) the Monthly Pharmacy Reports.

In what they called a "Notice of Compliance" the Defendants claimed they did not have the documents which the Court ordered produced in their possession because LSP's pharmacy records had been transferred to PharmaCorr, LLC. Defendant's claimed that no personnel at LSP had access to the data. Defendants further argued that the request was unduly burdensome and that the Plaintiff could obtain the documents in a less burdensome manner, namely by subpoena to PharmaCorr.[11]

Again, the *pro se* Plaintiff moved the Court to compel production by filing an Objection[12] to the Defendant's "Notice of Sufficiency". After examining the State's contract with PharmaCorr, which served as the basis for the Defendant's refusal to produce the subject documents, the Court found that:

> According to a State Purchase Order attached to the [PharmaCorr] contract, the parties' twelve month contract ended on April 18, 2011. . . Based on the express terms of the contract, PharmaCorr as the Contractor will, at its own expense, "upon request," return "all records, reports, documents, or other material prepared for the State" by PharmaCorr connected to the performance of its contracted services.

For the third time, the Court ordered the Defendants to produce the documents.[13] On September 24, 2014, the Defendants filed a "Supplemental Notice of Compliance" this time stating that, after conducting a due diligence search, they were still unable to locate the requested documents. Defendants acknowledged that PharmaCorr had returned all of the pharmacy information to LSP at the end of their contract (April, 2011).

---

[11] Rec. Doc. 121.
[12] Rec. Doc. 123.
[13] Rec. Doc. 130.

However, Defendants further explained that, considering Louisiana law only requires pharmacies to retain records for a two year period, LSP Pharmacy no longer had the documents or data.

On January 28, 2015, Brown filed his *Motion for Sanctions for Failure to Comply with the Court's Discovery Orders and for Spoliation of Evidence*. During the evidentiary hearing held on February 26, 2015, Defendants conceded they had a legal duty to preserve the subject documents.[14] The record evidence showed that, in April of 2011, LSP was in possession of the requested PharmaCorr documents and that they were in LSP's possession for a period of two years before they were destroyed.[15]

### III. LAW AND ANALYSIS

#### A. Sanctions for Violating Discovery Orders

Rule 37(b) of the Federal Rules of Civil Procedure "empowers the courts to impose sanctions for failures to obey discovery orders."[16] Such sanctions include "reasonable expenses, including attorney's fees, caused by the failure to obey a discovery order."[17] Courts also have "broad discretion to fashion remedies suited to the misconduct."[18] However, this discretion is tempered should the Court seek to impose serious sanctions—such as dismissal of a case or striking pleadings. Before imposing

---

[14] Defense counsel conceded that the duty to preserve the Plaintiff's pharmacy records arose upon the filing of the *Complaint* in February of 2011 or, at the latest, in July of 2011 when the Plaintiff propounded his First Request for Production of Documents.
[15] PharmaCorr documents were in an electronic format due to "data dump" to LSP at end termination of parties' contract.
[16] *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012).
[17] *Id.*
[18] *Id.* (quoting *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990)).

such harsh sanctions, the Court must make a finding of bad faith or willful misconduct.[19] However, such a finding is not required if the Court imposes lesser sanctions.[20]

There is no dispute that three times this Court ordered the Defendants to produce the requested pharmaceutical records and that Defendants have failed to comply. While the Defendants have claimed to have acted with due diligence in searching for the requested documents, the Court finds the conflicting explanations offered for their inability to produce said documents reveals quite the contrary. After arguing to the Court and providing affidavit testimony attesting to the fact that the requested documents were inaccessible to LSP personnel because they had been transferred to PharmaCorr in Oklahoma, Defendants have finally admitted that the PharmaCorr documents were actually in their possession in April or May of 2011 and then for at least the following two years, pursuant to Louisiana's retention law. In other words, the requested documents had been in Defendants' possession during the first two years that Plaintiff's case was pending. More importantly, these documents existed at the time Brown made his first request for production in July of 2011 and at the time the Court granted Brown's first *Motion to Compel*. After considering the chronology of events in this case, in combination with the varying "explanations" offered by Defendants for their inability to produce said documents, the Court finds that Defendants have not only been disingenuous in their court filings, but they have willfully abused the judicial process by repeatedly failing to comply with the Court's discovery orders. Hence, the Court shall grant Brown's Motion for Defendants' failure to comply

---

[19] *Id.*
[20] *Id.* (citing *Chilcutt v. United States*, 4 F.3d 1313, 1323 n. 23 (5th Cir. 1993)).

with the Court's discovery orders, and the following facts shall be deemed established as a sanction:

1. From April 19, 2010 through April 18, 2011, Lewis E. Brown needed and was prescribed medications, but he did not receive those medications, and he had no other means to receive those necessary medications.

2. On or around June 17, 2010 (date of Brown's fall), Louisiana State Penitentiary had available medications that would have adequately alleviated Brown's pain, but Louisiana State Penitentiary chose not administer these medications.

3. There exists a persistent wide-spread practice at Louisiana State Penitentiary that prescription medications were not properly administered to inmates. This constitutes a pattern or practice of conduct by Louisiana State Penitentiary employees.

## B. **Spoliation**

Recently, in *Ball v. LeBlanc*, this Court explained the law governing spoliation as follows:[21]

> A federal court has the inherent power to sanction a party who has abused the judicial process. Spoliation of evidence is among the offenses for which a court may assess sanctions using its inherent powers. 'Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.' Before a Court may sanction a party for spoliation of evidence, the party seeking the sanction must show: (1) the existence of a duty to preserve the evidence; (2) a culpable breach of that duty; and (3) resulting prejudice to the innocent party.[22]

If the Court makes a finding that evidence has been spoiled, "the court may exercise its discretion to impose sanctions upon the responsible party, and the seriousness of the sanctions imposed by a court as a result of spoliation of evidence depends upon: (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether

---

[21] *Ball v. LeBlanc*, 300 F.R.D. 270 (M.D.La. Dec. 19, 2013).
[22] *Id*.

there is a lesser sanction that will avoid substantial unfairness to the opposing party."[23] The Fifth Circuit "permits an adverse inference sanction against a destroyer of evidence upon a showing of 'bad faith' or 'bad conduct.'"[24] "In a similar vein, this Court has previously described 'bad faith' as 'act[ing] with fraudulent intent and a desire to suppress the truth.'"[25] Ultimately, the party seeking the spoliation sanction bears the burden of proof. In this case, the Court finds that Brown has satisfied his burden.

As for the first necessary element for a finding of spoliation, the Court finds it has been satisfied. This Court has explained that "[i]t is beyond question that a party to civil litigation has a duty to preserve relevant information … when that party has notice that the evidence is relevant to litigation or should have known that the evidence may be relevant to future litigation."[26] Considering that Brown put the Defendants on notice with the filing of his *Complaint* that he was challenging LSP's medical distribution process in relation to his claims, the Court finds that Defendants knew that they had a duty to preserve the PharmaCorr documents as a matter of law. Therefore, the Court finds the first element has been established.

In order for there to be a culpable breach, the Court must make a finding of bad faith or willful abuse of the judicial process on the part of Defendants. The undisputed evidence shows that Defendants knew that PharmaCorr's records were returned to LSP (via data dump) in May of 2011 and that they remained in LSP's possession for at least two years. And yet, when this Court ordered Defendants to produce said documents,

---

[23] *Consolidated Aluminum Corp. v. Alcoa, Inc.*, 244 F.R.D. 335, 340 (M.D.La. 2006).
[24] *Id.* (quoting *Condrey v. SunTrust Bank of Georgi*a, 431 F.3d 191 (5th Cir. 2005); *King v. Illinois Cent. R.R.*, 337 F.3d 550 (5th Cir. 2003); *United States v. Wis*e, 221 F.3d 140, 156 (5th Cir. 2000)).
[25] *Id.* (quoting *Consolidated Aluminum Corp. v. Alcoa, Inc.*, 244 F.R.D. 335, 344 (M.D.La. 2006)).
[26] *Ball v. LeBlanc*, 300 F.R.D. 270 (M.D.La. Dec. 19, 2013); *Neiman v. Hale*, 20104 WL 1577814 (N.D.Tx. Apr. 21, 2014).

the Defendants repeatedly failed to comply. Rather than apprising the Court and opposing counsel of the destruction of the requested documents, Defendants submitted an affidavit to support their position that the requested documents had been transferred to PharmaCorr and were inaccessible to LSP. Only when the Court rejected Defendants' argument and ordered them to comply with the discovery request did the truth emerge: LSP had actually been in possession of the documents but had since destroyed them. The Court construes Defendants' actions of repeatedly refusing to produce the requested documents throughout the discovery process, coupled with their efforts to conceal their possession and destruction of said documents, exhibit "fraudulent intent and a desire to suppress the truth," and give rise to a finding of "bad faith."

In considering prejudice, a court may consider whether a party "was precluded from obtaining much more reliable evidence tending to prove or disprove the validity [of his position.]"[27] During the hearing, Defendants conceded that Brown would be prejudiced without the PharmaCorr documents. Defendants acknowledged that, without pharmaceutical records from April 19, 2010 through April 18, 2011, Brown would not be able to support his claims that LSP's medication delivery system amounted to deliberate indifference of Brown's medical needs in violation of his 8th amendment constitutional rights. The Court too agrees and finds that Brown will be prejudiced in supporting his claims without the PharmaCorr documents. Accordingly, the Court finds that sanctions for spoliation are also warranted.

When the Court considers the degree of fault attributable to the Defendants in destroying the PharmaCorr documents and the degree of prejudice suffered by Brown,

---

[27] *Id.* at 286 (quoting *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939. 946 (11th Cir. 2005)).

the Court finds the imposition of an adverse inference jury instruction to be a just sanction. Thus, the Court will instruct the jury as follows:

> In this case, Louisiana State Penitentiary destroyed evidence, including pharmaceutical records from April 19, 2010 through April 18, 2011. Because that evidence was destroyed, you must infer that the evidence would have been unfavorable to Louisiana State Penitentiary.

Additionally, the Court finds good cause for an award of attorney's fees and costs associated with the filing of this *Motion for Sanctions*. Plaintiff shall submit an *ex parte* motion to tax fees and costs associated therewith in accordance with the local rules.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Lewis Brown's *Motion for Sanctions* is hereby GRANTED.[28]

Signed in Baton Rouge, Louisiana, on <u>March 2, 2015</u>.

*Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[28] Rec. Doc. 138.